

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA

CASE NO. 8:15-cr-264-T-23AAS
21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C)
8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(B)(i)
21 U.S.C. § 853 (Forfeiture)
8 U.S.C. § 1324(b) (Forfeiture)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on or about March 2011, and continuing through on or about July 23, 2015, in the Middle District of Florida,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons, both known and unknown to the Grand Jury, to knowingly and willfully distribute and dispense, and cause the distribution and dispensing of Oxycodone, Hydromorphone, Morphine, and Hydrocodone, Schedule II Controlled Substances, not for a legitimate medical purpose and not in the usual course of professional practice.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

## COUNT TWO

On or about January 20, 2015, in the Middle District of Florida,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of Hydrocodone, a Schedule II Controlled Substance, not for a legitimate medical purpose and not in the usual course of professional practice.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.

## COUNT THREE

On or about May 12, 2015, in the Middle District of Florida,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of Oxycodone, a Schedule II Controlled Substance, not for a legitimate medical purpose and not in the usual course of professional practice.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.

## COUNT FOUR

On or about May 14, 2015, in the Middle District of Florida,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of Morphine, a Schedule II Controlled Substance, not

for a legitimate medical purpose and not in the usual course of professional practice.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.

## COUNT FIVE

On or about June 9, 2015, in the Middle District of Florida,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and intentionally distribute and dispense, and cause the distribution and dispensing of Oxycodone and Hydromorphone, Schedule II Controlled Substances, not for a legitimate medical purpose and not in the usual course of professional practice.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.

## COUNT SIX

Beginning on or about April 20, 2015, and continuing through on or about July 23, 2015, in the Middle District of Florida and elsewhere,

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA,

did knowingly and willfully combine, confederate, conspire, and agree with each other and other persons, both known and unknown to the Grand Jury, to bring and attempt to bring in any manner whatsoever a person to the United States, knowing that said person was an alien, at a place other than as designated by the Secretary of Homeland Security, in violation of 8 U.S.C. § 1324(a)(1)(A)(i).

In violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i).

## **FORFEITURE**

1.  The allegations contained in Counts One through Six of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853, 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c).

2.  Upon conviction of any or all of the violations alleged in Counts One through Five of this Superseding Indictment,

>    FRED JOSEPH TURNER and
>    ROSETTA VALERIE CANNATA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. §§ 846 or 841(a)(1), and any property used or intended to be used to commit, or to facilitate the commission of, such violations.

3.  Upon conviction of the violation alleged in Count Six of this Superseding Indictment,

>    FRED JOSEPH TURNER and
>    ROSETTA VALERIE CANNATA,

shall forfeit to the United States, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), and 28 U.S.C. § 2461(c):

   a.  any conveyance, including any vessel, vehicle, or aircraft, used in the commission of a violation of 8 U.S.C. § 1324(a);

   b.  any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the

commission of such violation;

      c.    any property traceable to such conveyance or proceeds; and

      d.    any property, real or personal, used to facilitate, or is intended to be used to facilitate, the commission of such violation.

4.    The specific property to be forfeited includes, but it not limited to:

      a.    medical license number ME59799, held in the name of FRED JOSEPH TURNER;

      b.    a forfeiture money judgment in the amount of the proceeds of the offenses;

      c.    a black in color 2015 Chevrolet passenger-vehicle, bearing Vehicle Identification Number 1GNSCKKC1FR236235;

      d.    a 2006 Silver Mercedes-Benz, Vehicle Identification Number: WDDDJ75X16A052873;

      e.    The real property consisting of vacant land located at 622 Collier Avenue, Everglades City, Florida 34232.

5.    If any of the property described above, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to seek the forfeiture of any other property belonging to the defendant up to the value of the forfeitable property.

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
CARLTON C. GAMMONS
Assistant United States Attorney

By: _____
CHRISTOPHER F. MURRAY
Assistant United States Attorney
Chief, Violent Crime and Gangs Section

FORM OBD-34
APR 1991

No. 8:15-cr-264-T-23AAS

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

FRED JOSEPH TURNER and
ROSETTA VALERIE CANNATA

**SUPERSEDING INDICTMENT**

Violations:

Title 21, United States Code, Section 846
Title 21, United States Code, Section 841(a)(1)
Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)

A true bill,

_____
Foreperson

Filed in open court this 6th day

of October 2016.

_____
Clerk

Bail $ _____

GPO 863 525